**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 17-cr-00407-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RYAN CHARLES McCRAW,

    Defendant.

---

**GOVERNMENT'S SENTENCING STATEMENT**

---

The United States of America ("the government"), by Jason Dunn, United States Attorney for the District of Colorado, and Valeria Spencer, Assistant United States Attorney, hereby files its Sentencing Statement. The government is requesting a sentence of 360 months imprisonment, followed by lifetime supervision upon release from prison, restitution, and imposition of the mandatory, standard and special condition of supervised release as outline by the Probation Department in Doc. 40-1. A thirty year prison sentence is a fair and just sentence and takes into consideration all of the circumstances of this case, including the factors delineated in 18 U.S.C. § 3553(a).

## I. THE UNITED STATES SENTENCING GUIDELINES

The United States Sentencing Guidelines are advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id.* at 49-50. "A sentence is

substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008).

The government agrees with the advisory sentencing guideline calculation set forth in the PSR filed on April 25, 2019, by U.S. Probation [Doc. 40]. The government agrees that the adjusted offense level, including acceptance of responsibility, is 49; however, the government acknowledges that an offense level that exceeds 43 is treated as a total offense level of 43. PSR at ¶ 69. The government further agrees that the defendant falls within Criminal History Category I and the resultant advisory sentencing guideline range is 360 months imprisonment, U.S.S.G. § 5G1.1(a), bound by the statutory maximum of 360 months. Defendant agreed to the guideline calculation in the Plea Agreement, and filed no objections to the PSR's identical calculations ( bot for objecting to the pattern of activity enhancement, addressed by the government in its response. [Doc. 46]

"The [United States Sentencing] Commission intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes." U.S.S.G. § 1A1.1 editorial note, ch. 1, pt. A, introductory comment. n.4(b). When a district court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Gall*, 522 U.S. at 50. "After setting on the appropriate sentence, [the sentencing judge] must adequately explain the chosen sentence[.]" Id. See also *United States v. Martinez-Barragan*, 545 F.3d 894, 900 (10th Cir. 2008) ("[W]hether the particular case lies within

the heartland of similar offenses is a threshold question that a district court must decide when determining whether to grant a departure under the Guidelines.").

This type of "heartland analysis is also a legitimate part of the district court's analysis of whether to vary from the Guidelines" under 18 U.S.C. § 3553. Id. (emphasis in original). In *Rita v. United States*, 551 U.S. 338 (2007), "the Supreme Court specifically endorsed the use of this technique as part of the weighing of the § 3553(a) factors." *Martinez-Barragan*, 545 F.3d at 900; see also *United States v. Galarza-Payan*, 441 F.3d 885, 888 (10th Cir. 2006) ("Indeed the concept of a 'heartland'-or similarity among cases-is a part of § 3553(a)(6) . . ., and is a proper consideration when applied in a discretionary fashion.").

Because the guidelines are advisory and only one factor to be considered by the Court in determining a sentence under 18 U.S.C. § 3553(a), the United States will frame its request within the factors set forth in 18 U.S.C. § 3553(a) and proceed through those factors in the order in which they appear in the statute.

## II. DISCUSSION OF THE 18 U.S.C § 3553(a) FACTORS

The factors to be considered under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to promote respect for the law and afford adequate deterrence to criminal conduct, the need to protect the public from future crimes of the defendant, and the need to avoid unwarranted sentence disparities.

There is nothing within the application of the factors that warrant a variant sentence from the advisory guideline range in this case. This defendant falls squarely

with the heartland of cases delineated by the guidelines and should be treated as such. An individualized assessment of the defendant's behavior reflects several factors, none of which supports a sentence below the advisory guideline range to the 180-month sentence the government expects Defendant will be seeking. These factors reflect the need for a significant prison term.

### A. *Nature and Circumstances of the Offense*

The offense of production of child pornography is one of the most serious that this office prosecutes and warrants the most serious of sentences. Federal District Judge John R. Adams, in *United States v. Cunningham*, 680 F. Supp. 2d 844, 847 (N.D. Ohio 2010), used a quote attributed to Nelson Mandela: "There can be no keener revelation of a society's soul than the way in which it treats its children." He continued: "Given the recent statistics surrounding child pornography, we are living in a country that is losing its soul." *Id.*

The facts of the defendant's crimes are well documented in the Plea Agreement [Doc. 38] ("PA"), the PSR [Doc. 40], and the Government's Response to Defendant Ryan McCraw's Objections to the Presentence Investigation Report [Doc. 44][ Doc.46]. Defendant preyed upon vulnerable boys in the Denver metro area, seducing them into believing he loved them and would help them understand and explore their sexuality. Instead, he degraded them, treating them in dehumanizing ways solely for his deviant sexual gratification. He filmed the children and took pictures as he sexually molested them, to preserve it for his sexual gratification. He boasted of his prowess and his power over the victims. He coerced and enticed them to lead a secret life, to lie to their parents to protect himself from the law. Further, he induced the underage boys to take

sexually explicit photographs of themselves and send the photos to him. He used those pictures to try to pimp the boys to other children and adult men.

The words of the child whose Victim Impact Statement is attached to the PSR speak loudly and clearly to the fact that Defendant's criminal actions will affect the boys for the rest of their lives. The Defendant's manipulation of these boys harmed them in ways that will play out in all their future relationships. PSR, 40-2. The eloquent words of the minor victim and his parents say more in two pages than the government could convey about the nature and circumstances of the offense and its impact on real families in our community in two volumes. Given the impact of Defendant's actions on the children and their parents, it is difficult to imagine any scenario in which the defendant's behavior deserves a sentence outside the advisory guideline range.

### B. History and Characteristics of the Defendant

Defendant's history and characteristics likewise warrant a sentence of 360 months imprisonment. Probation thoroughly describes Defendant's childhood, upbringing, education, and employment history. There is nothing in that history that takes Defendant out of the heartland of cases. He is well educated, has strong family support and a handsomely recompensed career.

Defendant told probation about the bullying he suffered as a teenager in coming out as a homosexual. Defendant's difficulties make it all the worse that he would exploit the very same vulnerability of boys by manipulating them and treating them like dogs as they were experiencing their own budding sexuality. Defendant twisted and perverted their minds into believing what he was doing to them was normal and appropriate (let alone legal or loving).

There is nothing about the Defendant's childhood, family background, or

5

adulthood that rationalizes a non-guideline sentence. Defendant is 39 years old. He knew what he was doing was criminal, and he did not care. He must face the full consequences of his behavior.

> **C.    *A term of imprisonment of 360 months addresses the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, for the sentence imposed to afford adequate deterrence to criminal conduct, and to protect the public from future crimes of the defendant.***

These factors address the specific containment, deterrent, and otherwise protective effect that the sentence is to have on the defendant and on society as a result. A sentence of 360 months is sufficient, but not greater than necessary, to accomplish all of these goals.

In regard to 18 U.S.C. § 3553(a)(2)(A), a 360-month sentence would provide "just punishment" for his offenses, promote respect for federal child exploitation laws, and reflect the seriousness of his particular offenses and production of child pornography offenses in general. The production of child pornography offense committed by the defendant is extremely serious. Not only did Defendant sexually abuse these children by coercing and enticing them into thinking it was "normal" and "appropriate," he captured it on film and shared the images among the boys and with others for his and their sexual gratification.

The criminal conduct at issue is the sexual abuse of children and the taking and preserving of images memorializing the heinous acts. Deterrence and protection of the public, including the child victims, is critical. In addition to restricting the defendant from offending during the time he is incarcerated, a sentence of 360 months would deter the defendant and others from future criminal behavior. As for deterring other offenders who might consider engaging in similar behavior, "[g]eneral deterrence is crucial in the

6

child pornography context." *United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012).

Someone contemplating a criminal act, even for a moment, is more likely to be deterred if he knows that, if caught and convicted, he will receive a serious sentence and that it will not matter significantly what prosecutor or judge is assigned to his case. The Tenth Circuit, among others, has affirmed sentences as presumptively reasonable that fall within U.S.S.G. § 2G2.1's recommended guideline range. *United States v. Grigsby*, 749 F.3d 908 (10th Cir. 2014); *see also United States v. Pappas*, 715 F.3d 225 (8th Cir. 2013); *United States v. Schuster*, 706 F.3d 800, 808 (7th Cir. 2013) (deference to Congress is appropriate because of its study of the child pornography problem).

The risk of recidivism is also a factor to be taken into account with regard to protecting the public from the defendant's further crimes. Unfortunately, valid risk assessment instruments to predict sexual recidivism by child pornography offenders currently do not exist.[1] Sentencing the Defendant to 30 years imprisonment for his sexual offending against three minor boys means he will be in his 60s when he is released.

---

[1] On the issue of recidivism and child pornography offenses, Dr. Gene Abel testified before the Sentencing Commission at a public hearing on February 15, 2012, addressing federal child pornography offenses. Dr. Abel is a well-known psychiatrist and widely respected leader in the field of diagnosing and treating sexual problems. He is considered by many to be the leading psychophysiology researcher in studies of sexual behavior problems in the United States. Dr. Abel was also presented with a series of questions by the Sentencing Commission. One of the questions he was asked was "[a]re there valid risk assessment instruments to predict sexual recidivism by child pornography offenders." His response: "We don't have that—I don't have that, at present." The transcript can be found online at http://www.ussc.gov/Legislative_and_Public_Affairs/Public_Hearings_and_Meetings/20

**D. The kinds of sentences and the range established by the sentencing guidelines and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct call for a sentence of 360 months.**

It is well settled jurisprudence that similarly situated individuals that commit like crimes under like circumstances should receive similar punishments. This congruence fosters predictability and fairness, both for defendants and for the community. "The [Sentencing Reform Act] was motivated by a desire on the part of Congress to establish a rational sentencing system to provide for certainty, uniformity, and proportionality in criminal sentencing. The intent of Congress was to eliminate an 'unjustifiably wide range of sentences [imposed on] offenders with similar histories, convicted of similar crimes, committed under similar circumstances,' and to recognize differences between offenses." *2009 U.S. Sentencing Commission Report: History of the Child Pornography Guidelines* ("2009 Sentencing Commission Report") at 2, *quoting* S.Rep. No. 98-225, at 38 and 45-46.[2]

The Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), does not require district courts to evaluate the history and development of a particular guideline before sentencing within, or outside, the range it produces.

A sentence within the advisory sentencing guideline range, when it is not unreasonable, minimizes unwarranted sentencing disparities. For the reasons stated above, the government contends the advisory sentencing guideline range in this case is reasonable and appropriate in light of the factors set out in 18 U.S.C. § 3553(a).

---

120215-16/Hearing_Transcript_20120215.pdf, p. 107 (last visited October 24, 2018).
2 Available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/sex-offenses/20091030_History_Child_Pornography_Guidelines.pdf (last visited March 12, 2018).

## V. CONCLUSION

The Supreme Court, Congress, the Sentencing Commission, and courts across the country have repeatedly recognized the pain and trauma the production of child pornography has inflicted on the children who were sexually abused. These children are not abstractions or objects; they are real, innocent, human beings who experienced manipulation and degradation at the hands of this Defendant in order for these pictures and videos to be produced.

The defendant has participated in one of the most heinous crimes that exists in our society, that which exploits a child. The grave consequences of the defendant's extremely selfish actions will be felt by the abused boys and their families throughout their lives. The defendant chose this path with flagrant disregard for the impact upon the boys and their families. The defendant's actions are extremely disturbing and merit a lengthy prison term.

A sentence of 30 years' imprisonment will faithfully serve each of the statutory sentencing factors in § 3553(a). Such a sentence adequately addresses the gruesome nature and horrific circumstances of the offenses, as well as defendant's background, history, and characteristics. It will serve as just punishment for his unspeakable crimes, will serve as a strong deterrent, will promote respect for the law, and, perhaps most importantly, will serve to protect the public from additional crimes he would otherwise commit. It is consistent with sentences imposed in other production cases in this district involving young children. It is a sentence that is sufficient but not greater than necessary to achieve all of the goals of sentencing in federal criminal cases, particularly given the highly aggravated circumstances of this case. It is the sentence this Court should impose.

The government seeks lifetime supervision upon release, appropriate restitution, as well as the mandatory, standard and special conditions of supervised release outlined by Probation in the PSR at R-1-3.

Dated this 16th day of May 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: *s/ Valeria Spencer*
VALERIA SPENCER
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Email: Valeria.Spencer@usdoj.gov
Attorney for Government

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 16th day of May, 2019, I electronically filed the foregoing **GOVERNMENT'S SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                   *s/Valeria Spencer*
                                                   VALERIA SPENCER
                                                   Assistant U.S. Attorney
                                                 U.S. Attorney's Office
                                                 1801 California Street, #1600
                                                 Denver, CO 80202
                                                 Telephone: 303-454-0100
                                                 Fax: 303-454-0406
                                                 E-mail: valeria.spencer@usdoj.gov